# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CRAIG MICHAEL HASKELL,  #468699,**

      **Petitioner,**

v.                                                **Case No. 2:07-CV-11679**
                                                 **Honorable George Caram Steeh**
                                                 **Magistrate Judge Charles E. Binder**

**MARY BERGHUIS,**

      **Respondent.**

_____/

## OPINION AND ORDER GRANTING PETITIONER'S
## MOTION FOR ORAL ARGUMENT

      This is a habeas corpus action brought by a state prisoner, through counsel, pursuant to 28 U.S.C. § 2254. Petitioner was convicted[1] of four counts of first-degree criminal sexual conduct ("CSC"), Mich. Comp. Laws §750.520b(1)(f), one count of second-degree CSC, Mich. Comp. Laws §750.520c(1)(f), and aggravated domestic violence, Mich. Comp. Laws §750.81a(2), for beating and sexually assaulting his former girlfriend. Petitioner was sentenced to concurrent terms of twelve to thirty years for each count of the first-degree CSC convictions, ten to fifteen years for the second-degree CSC offense, and one year in Livingston County Jail for the aggravated domestic violence conviction. He has now filed a "Request for Oral Argument." For the reasons set forth below, the Court will grant Petitioner's request.

---

[1] The jury found that Petitioner was "guilty but mentally ill." (Tr. Sent., 10/2/03 at 32). However, the jury did not find that Petitioner's conduct came within the realm of insanity.

## I. DISCUSSION

Petitioner requests oral argument in this case because the habeas petition "raises several issues of unusual complexity that oral argument would aid the court in navigating." (Mot. at 2). The Court does not grant oral argument when a party is in custody "unless ordered by the assigned judge." E.D. Mich. L.R. 7.1(e)(1). Upon consideration of the Petitioner's Motion, the above stated record, the habeas petition, Respondent's answer to the petition, and Petitioner's reply brief, the Court finds that "the facts and legal arguments are [not] adequately presented in the briefs and record, and the decisional process would [ ] be significantly aided by oral argument." See Fed. R. App. P. 34(a)(2)(C).

With respect to Petitioner's denial of due process claim, it is integrally linked to facts and issues surrounding his mental illness, which is described by Petitioner as a "complex partial epileptic seizure [CPS] disorder.[2]" Specifically, Petitioner claims that the prosecution's expert witness, who testified about CPS, provided inaccurate and false information "about critical aspects of the nature, symptoms and effects of CPS and CPS seizures." (Pet. (Memo of Law) at 7). Petitioner further argues that "[b]asic foundational requirements for the presentation of *any* evidence, including purported expert evidence, underlie[ ] the very concept of procedural due process." *Id.* at 12. Since the nature of the CPS disorder is a significant part of Petitioner's due process claim, the Court agrees that oral argument relative to the medical condition and its relationship to the expert testimony provided at trial would assist the Court in resolving this matter.

---

[2]The jury's understanding of the CPS disorder was critical to Petitioner's defense because it was directly related to whether Petitioner had the *mens rea,* beyond a reasonable doubt, to commit the offenses with which he was charged.

Petitioner also asserts that he received ineffective assistance of counsel by Ronald Plunkett, who represented Petitioner from June 2002 until May 2003.[3] The crux of Petitioner's claim against Mr. Plunkett is that he was not prepared. However, there are several details that are alleged to have been related to Mr. Plunkett's deficient representation which are not addressed in Respondent's responsive pleading: (1) Mr. Plunkett and his wife's divorce became final four days after Mr. Plunkett was retained; (2) Mr. Plunkett has admitted to a crack cocaine addiction; (3) Mr. Plunkett was arrested for possession of 25 grams of crack cocaine and is facing incarceration; (4) The Michigan Attorney Grievance Commission was appointed receiver of Mr. Plunkett's files after the Commission received notice that Mr. Plunkett abandoned his law practice; (5) Mr. Plunkett was under investigation for the death of a 22 year old woman who was found dead in his apartment from an apparent drug overdose, etc.[4]

Moreover, Petitioner claims that the attorney who represented his interests after Mr. Plunkett's withdrawal, Barry Resnick, was also unprepared as he was completely unknowledgeable about CPS, the basis of Petitioner's defense.[5] However, aside from restating excerpts from the Michigan Court of Appeals' opinion in this matter, Respondent does not address Petitioner's

---

[3]Mr. Plunkett represented Petitioner at his arraignment, preliminary examination and through the pre-trial process.

[4]Most of these issues were revealed *after* Mr. Plunkett was no longer Petitioner's counsel. However, there is a question as to whether these personal challenges adversely affected Mr. Plunkett's representation of Petitioner, thereby affecting several decisions that were made by Mr. Plunkett on Petitioner's behalf and which are now being challenged in Petitioner's habeas petition.

[5]Mr. Resnick represented Petitioner's interests during trial and at sentencing.

ineffective assistance of counsel claim as it relates to Mr. Resnick. Therefore, oral argument would assist the Court relative to Petitioner's ineffective assistance of counsel issues.

## II. CONCLUSION

Since the Court will hear oral argument regarding the above stated issues, it will likewise hear argument relative to the remaining exhaustion, jury instruction and habitual offender claims raised by Petitioner.

Accordingly,

**IT IS ORDERED** that Petitioner's "Request for Oral Argument" [Dkt. #14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is set for hearing on **October 27, 2008 at 2:00 PM.**

Dated: July 11, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 11, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---